UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHEKERIA STEWART, on her own
behalf and on behalf of those similarly
situated to them,

    Plaintiff,

vs.

GREAT IRISH PUBS FLORIDA,
INC., d/b/a RAGLAN ROAD IRISH
PUB AND RESTAURANT, a Florida
For Profit Corporation,

    Defendants.
_____/

CASE NO.: 6:14-cv-813-Orl-28DAB

CLASS ACTION ALLEGATIONS

## CLASS AND COLLECTIVE ACTION COMPLAINT & JURY DEMAND

Plaintiff, SHEKERIA STEWART ("Plaintiff"), on behalf of herself and those similarly situated, sue the Defendant, GREAT IRISH PUBS FLORIDA, INC., d/b/a RAGLAN ROAD IRISH PUB AND RESTAURANT, a Florida for Profit Corporation (hereinafter "Defendant"), for failing to pay minimum wages to all servers/waitpersons (hereinafter "servers" or "class members") who worked in the State of Florida, pursuant to 29 U.S.C. § 201, et al. (hereinafter the "FLSA").

### Nature of Case

1. Defendant, Great Irish Pubs, Florida, Inc., owns and operates "Raglan Road Irish Pub and Restaurant" restaurant located in the Downtown Disney area of Lake Buena Vista, Florida.

2. In an effort to reduce labor costs, Defendant, orchestrated a common policy and practice of forcing servers to pay for customer "walk outs," uniforms and other items improperly.

3. In addition, Defendant required all servers/waitpersons to contribute a portion of their tips to a tip pool which included traditionally non-tipped employees invalidating the tip pool.

4. Defendant's illegal practices have cost their servers potentially thousands of dollars of compensation and related damages.

5. Defendant violated the FLSA by failing to pay class members that were employed in Florida at any time within the past three (3) years at least the full minimum wage for all hours worked pursuant to the FLSA.

## Parties

6. Plaintiff was an hourly paid server who worked for Defendant.

7. Plaintiff, Shekeria Stewart, worked for Defendant as a server from approximately January 27, 2013 through April 1, 2014, in Lake Buena Vista, Florida.

8. The proposed class members worked for Defendant at its restaurant, Raglan Road Irish Pub and Restaurant, located in Downtown Disney, Lake Buena Vista, Florida, as servers/waitpersons.

9. Plaintiff and the proposed class members were subjected to similar violations of the FLSA.

10. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> All persons who worked for Defendant as servers within Florida during the three (3) years preceding this lawsuit, and who were not paid at least the full minimum wage pursuant to the FLSA for each hour worked.

The precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

## Jurisdiction & Venue

11. This action is brought under the FLSA and Florida law to recover from Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

12. This action is intended to include each and every hourly paid server who worked for Defendant at any time within the past three (3) years in the State of Florida.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

14. This Court has jurisdiction and venue over this complaint as each of Defendant's violations of the FLSA complained of took place in Orange County, Florida.

## General Factual Allegations

15. Plaintiff worked as a server for Defendant at Raglan Road Irish Pub and Restaurant located in Lake Buena Vista, Orange County, Florida.

16. Plaintiff and those similarly situated were paid pursuant to a "tip credit" method and were paid the minimum wage minus the tip credit.

17. At all material times (2009-2014), the tip credit deducted was $3.02 per hour.

18. At all material times (2009-2014), Defendant was an enterprise subject to the FLSA's provision on minimum wages.

19. At all material times (2009-2014), Defendant has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (plates, napkins, cups, cash registers, tables, food and beverage products).

20. Defendant's employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

21. At all material times (2009-2014), Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

22. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant as a result of her use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

23. Defendant is in the business of providing food, drinks and entertainment to the general public.

24. Specifically, Defendant operates a restaurant and pub/bar located in Downtown Disney, Lake Buena Vista, Florida.

25. Defendant has employed hundreds of servers/waitpersons ("class members" or the "class") at their restaurant in the last three (3) years.

26. Plaintiff and the class members worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

27. Defendant controlled and/or was responsible for the work of class members.

28. Plaintiff and all similarly situated employees did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant.

29. Defendant utilized the tip credit and paid Plaintiff and all similarly situated servers under the applicable tipped minimum wage.

30. Notwithstanding Defendant's preference to pay Plaintiff and the class members through the tip credit, Defendant chose to require its wait staff to contribute daily tips to non-tipped employees.

31. In addition, Defendant chose to require its wait staff to pay for customer bills if and when they "walked out" on the bill.

32. Also, Defendant has a practice of regularly utilizing tipped employees to perform work not within the scope of a tipped occupation.

33. Thus, Defendant regularly requires servers and other tipped employees to perform such duties such as cleaning the front of the house, "opening" and "closing" duties, trash removal, setup tables, etc., but continues to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

34. Last, Defendant's tip reporting system grossly inflated the tips for Plaintiff and Defendant's wait staff thereby impermissibly reducing the gross amount of tips received.

35. For these reasons, Defendant violated the terms of the tip-credit and the FLSA's and Florida Constitution's provision on minimum wages.

36. As a result of these common policies, Plaintiff and each similarly situated server is entitled to receive $3.02 for each hour worked as repayment for the tip credit improperly deducted from their wages.

37. During her employment, Plaintiff complained about the illegal practices described above to management of Raglan Road but the Defendant took no action to stop the illegal practices.

38. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being improperly paid the tipped minimum wage.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendant.

## Collective Factual Allegations

40. Class members are treated equally by Defendant.

41. Defendant subjected class members to the same illegal practice and policy by forcing the Class Members to pay for walkouts and uniforms, performing work not within the scope of a tipped occupation, and participate in a tip pool contribution plan that includes non-traditionally tipped employees.

42. Defendant has employed several hundred wait staff who were paid pursuant to a tip credit in the State of Florida within the past three (3) years.

43. Defendant pays class members in the same manner.

44. Plaintiff and all class members worked in the State of Florida.

45. Plaintiff and all class members in the State of Florida were not guaranteed at least the full minimum wage for all hours worked.

46. Plaintiff and all class members were improperly paid the tipped minimum wage per hour.

47. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

48. Defendant failed to maintain accurate time and pay records with regard to work performed by the class members regarding how many hours in each workday are worked in occupations in which the employee receives tips and how many are worked in any occupation in which the employee does not receive tips.

49. Defendant's failure to keep accurate time and pay records casts the burden on Defendant to disprove the testimony of Plaintiff and all class members regarding the illegal deductions which they were required to pay.

50. During the relevant period, Defendant violated the FLSA by improperly taking the tip credit.

51. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

52. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable fees and costs if they prevail.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
(Unpaid Minimum Wages)

53. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 52 above as if stated fully herein.

54. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

55. At all relevant times, Defendant employed, and/or continues to employ Plaintiff and similarly situated servers/waitpersons.

56. As stated above, Defendant has a policy and practice of forcing its servers to pay for walkout customers.

57. In addition to requiring its servers to pay for walkout customers, they also require Plaintiff and other similarly situated servers to perform non-tipped duties while being paid at the reduced tip-credit rate of pay.

58. Finally, Defendant also required its servers to contribute a portion of their tips to an invalid tip-pool which includes traditionally non-tipped employees.

59. Such policies and practices violate the FLSA's tip credit provisions.

60. Defendant's failure to pay Plaintiff and other servers the full minimum wage is a violation of 29 U.S.C. § 206.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

63. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and those similarly situated employees.

64. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and other similarly situated employees time the full and complete minimum wage for each hour worked, Plaintiff and the other similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

66. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SHEKERIA STEWART, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted this 22nd day of May 2014.

_____
Carlos V. Leach, Esq.
Florida Bar No. 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: cleach@forthepeople.com