# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHEKERIA STEWART,**

      **Plaintiff,**

**v.**                                              **Case No:   6:14-cv-813-Orl-41DAB**

**GREAT IRISH PUBS FLORIDA, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 46)**
>
> **FILED:**      **November 7, 2014**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

The Parties have reached a settlement in this matter on behalf of Plaintiff and two additional Opt-in Plaintiffs (Opt-ins Foust and Durant; together referred to as "Plaintiffs"); eight opt-in plaintiffs have elected to be dismissed from the case. Doc. 46. The Parties agree that at the time of filing, the instant action involved disputed issues of whether Plaintiffs -- who were servers employed with Defendant at various times over the appropriate statute of limitations -- were paid minimum wage for all hours worked. The Amended Complaint alleged that that Defendant failed to pay the Plaintiff-Servers the applicable minimum wage for all hours worked because Defendant improperly took a tip credit towards minimum wage. However, during the course of the proceedings, it became clear that Defendant was paying servers the applicable minimum wage when the auto gratuities were calculated into the direct wage paid. Defendant denied the allegations made by Plaintiffs and asserted that they did not take the tip credit. The records showed that Plaintiffs were all paid more than minimum wage as Plaintiffs were paid a direct wage of $4.91 plus auto gratuities. Therefore, all Plaintiffs were paid more than minimum wage and in most instances they were paid far above the minimum wage for all hours worked. It is likely that Defendant would have prevailed, and Plaintiff would not have received any further compensation. Plaintiffs ultimately recognized that there was no minimum wage violation and they risked the prospect of recovering

nothing; for Defendant, the settlement was a business decision since the amount of the settlement is nominal when compared to the cost of litigation; even if Defendant prevailed.

Therefore, the Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise in light of the questionable merits of the case after the exchange of documents. Plaintiffs and Defendant discussed at length the Plaintiffs' alleged minimum wage claims. The Defendant then provided time and payroll records for each of the Plaintiffs along with a full explanation of how the pay was calculated. The Parties then went to mediation[1] on September 29, 2014 where the Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations. Doc. 46. The parties contend that Plaintiffs' counsel efficiently resolved this matter early on while recognizing Defendant's interest in avoiding additional time defending the matter, which would have increased Defendant's investment in the defense of the case. Defendant's counsel asserted vigorous defenses to Plaintiffs' claims, defenses which could have presented a total defense to the overtime claims at issue in this litigation.

Under the terms of the settlement, each Opt-in Plaintiff will receive a total of $200 and Plaintiff Stewart will receive $500 as the named Plaintiff. Doc. 46. The parties have agreed that Defendant will pay Plaintiff's attorneys $5,000 in attorney's fees and costs, which they contend is reasonable under the circumstances of this case, and reflects a significant discount as to the time expended thus far in the matter which is reasonable given Defendant's vigorous defense. Mr. Leach filed supplemental material in support of the fees and costs amount actually expended, which was compromised by counsel in the interest of settling the case. Doc. 49. Mr. Leach spent a total of 26.5 attorney hours and two experienced paralegals spent 32.8 hours on the case. Doc. 49-2. Mr. Leach is an experienced employment law attorney who has handled hundreds of FLSA cases, and has practiced law since January 2002. Doc. 49-1. He has provided citations to a long list of

---

[1] The mediator, Attorney Jim Brown, is an experienced employment law mediator from Orlando, Florida.

FLSA cases in which he has been awarded between $250 to $300 per hour since 2009 in this District. Setting aside the paralegal time (which is generally compensable) for the moment, for attorney time alone, Mr. Leach's hourly rate for the 26.5 hours spent on the case would be $188; thus, the attorney's fee of $5,000 is reasonable. Mr. Leach's firm has also agreed to compromise the reimbursable costs of $400 for filing fee[2]. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amounts of $500 to the named Plaintiff and $200 to the Opt-in Plaintiffs for unpaid wages and liquidated damages, and $5,000 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 17, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] Mr. Leach's firm, Morgan & Morgan, expended $2,839.33 in additional costs including long distance telephone, printing, and $2,227.50 to Ford & Harrison, the Mediator's law firm. Though these are not clearly reimbursable costs, they were nonetheless expended on the case and lend support to a finding that the discounted amount of $5,000 was reasonable.